IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TRACY INMAN,<br><br>Defendant. | **8:21CR60**<br><br><br>**FINDINGS AND RECOMMENDATION** |

This matter is before the undersigned magistrate judge on Defendant's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence. Pursuant to the Memorandum and Order entered by United States District Court Judge Brian Buescher, Defendant's motion was denied except as it pertained to Defendant's allegation that her trial counsel, Donald Schense ("Mr. Schense"), failed to file a notice of appeal as Defendant allegedly requested. This issue was referred to the undersigned to hold an evidentiary hearing and submit a findings and recommendation to Judge Buescher. (Filing No. 97.)

The undersigned held an evidentiary hearing on Defendant's § 2255 motion on September 12, 2023. (Filing No. 117.) A transcript of the proceedings has been filed and the motion is ripe for disposition. After hearing the testimony from Defendant and Mr. Schense, and in assessing their credibility, the undersigned finds Defendant did not direct Mr. Schense to file an appeal and will therefore recommend that the remainder of Defendant's § 2255 motion be denied.

## BACKGROUND

On February 18, 2021, Defendant was indicted in a one-count Indictment for possessing with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1). (Filing No. 1.) On January 18, 2023, Defendant appeared before the undersigned to plead guilty pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(B) plea agreement. (Filing No. 69.) The plea agreement included a waiver of appeal provision. (Ex. 1.) During the change-of-plea hearing, the Court indicated to Defendant that in her plea agreement, she was waiving (giving up) her right to appeal her conviction and sentence. (Filing No. 76; Ex. 1.) Defendant indicated to the Court that she understood she was giving up that right. (Filing No. 76; Ex. 1.) Defendant also stated during the change-of-plea hearing that she understood the plea agreement and that Mr. Schense answered her questions to her satisfaction. (Filing No. 76; Ex. 1.) She further stated that she had no complaints or objections about Mr. Schense's representation. (Filing No. 76.) On April 20, 2023, Judge Buescher sentenced Defendant to 150 months of incarceration. Defendant filed the instant § 2255 motion on June 8, 2023. (Filing No. 94.)

## HEARING TESTIMONY

Defendant testified at the evidentiary hearing pertaining to her § 2255 motion. Defendant testified that Mr. Schense gave her a copy of the plea agreement at the Douglas County Courthouse. (TR. 14.) Defendant testified that Mr. Schense instructed her to take the plea agreement home and read it, which she did. (TR. 14-15.) Defendant stated that after she read the plea agreement, she spoke to Mr. Schense about it, but that she still did not understand the agreement. (TR. 15.) Defendant stated the plea agreement was not explained to her properly. (TR. 11.) Defendant does not recall whether she spoke to Mr. Schense on the phone about the plea agreement, but she testified that she tried to call him multiple times. (TR. 15.) Defendant testified she met with Mr. Schense in person to discuss the plea agreement and asked questions about the agreement, but that Mr. Schense scarcely answered her questions. (TR. 15.) Defendant acknowledged that she had four meetings with Mr. Schense. (TR. 11.) She testified that two of those meetings lasted ten minutes, and the other two meetings lasted thirty minutes. (TR. 11.) Defendant testified that she still does not understand her options in the federal court system. (TR. 11.)

Defendant signed the plea agreement on December 21, 2022. (TR. 13-14; Ex. 1.) Defendant testified that at the time she signed the agreement, Defendant was with her mother and Mr. Schense and that she signed the plea agreement while she was at work. (TR. 14, TR. 16-17.) Defendant testified that she looked at the appeal wavier contained in the plea agreement with Mr. Schense, but that they did not discuss it. (TR. 16.) Defendant stated they only met for about twenty minutes on the day she signed the agreement because she was at work. (TR. 17.) Defendant stated she signed the agreement because Mr. Schense told her it was in her best interest to do so. (TR. 15-16.)

Defendant testified that after she signed the plea agreement, she reached out to Mr. Schense to talk about other concerns and questions she had about the agreement. (TR. 17.) She testified that she left a voice message on Mr. Schense's answering machine, and he returned her call. (TR. 17-18.) She stated that the first time she reached out to Mr. Schense, her question was about her criminal history because she did not understand what that provision in the plea agreement meant. (TR. 17.) Defendant testified that she did not indicate to Mr. Schense that there were other things in the plea agreement that she did not understand at that point. (TR. 18.)

Defendant entered her plea on January 18, 2023. (TR. 19.) She could not recall whether she spoke to Mr. Schense before the hearing. (TR. 19.) She testified that she did not ask Mr. Schense any questions immediately before the hearing regarding the terms of the plea agreement. (TR. 19.) She further testified that she did not raise any concerns to Mr. Schense about the terms of the plea agreement or things that she did not understand immediately after the hearing. (TR. 19-20.) Defendant testified that between the time she pled guilty on January 18, 2023, and her sentencing on April 20, 2023, she tried to contact Mr. Schense multiple times by leaving voice messages on his answering machine and by sending text messages, but barely received a response. (TR. 20.) She stated she was trying to reach Mr. Schense to discuss her cooperation, but she did not leave him any messages or texts about the terms of the plea agreement or what it meant. (TR. 21.)

Defendant testified she had a meeting with Mr. Schense at the U.S. Attorney's Office prior to sentencing, and that she raised concerns with him about the terms of the plea agreement. (TR. 21-22.) Later, Defendant testified that she did not remember exactly what was said during the meeting and does not recall talking to Mr. Schense during that meeting, or after that meeting, about

3

the terms of the plea agreement or any questions she had.  (TR. 21-22.) Defendant testified she did not reach out to Mr. Schense after that meeting or before her sentencing regarding questions about the plea agreement.  (TR. 22.)

Defendant was sentenced by Judge Brian Buescher on April 20, 2023. Defendant testified that during a telephone call on April 24, 2023, at 9:48 a.m., she told Mr. Schense to file an appeal. (TR. 9.)  Defendant stated she was in Hall County, Nebraska at the time of the call and that she did not keep any records or notes of the conversation.  (TR. 25.)  Then, Defendant stated that she may have kept records or notes, but that they were taken from her when she got on a plane.  (TR. 25.)  Defendant stated this was the first time she directed Mr. Schense to file an appeal.  (TR. 22.) Defendant testified that during that call, she probably told Mr. Schense twice to file an appeal. (TR. 25.)  Defendant testified that, in response to her direction, Mr. Schense told her there was nothing to appeal.  (TR. 9.)

Defendant further testified that in a telephone call with Mr. Schense on May 3, 2023, at 3:01 p.m., she again asked Mr. Schense to file an appeal.  (TR. 10.)   She stated that she believes she told him once during that call to file an appeal and that this direction occurred toward the end of the conversation.  (TR. 28.)  Defendant testified that in response, Mr. Schense told her there was nothing to appeal.  (TR. 29; TR. 35-36.)  Defendant testified that she then told Mr. Schense that she would find an attorney who would file an appeal.  (TR. 29; TR. 35-36.) Defendant testified that she did not keep any notes of that conversation with Mr. Schense, but that she spoke to her daughter about it.  (TR. 30.)  Defendant stated she may have also spoken to her roommate in jail about telling her attorney to appeal.  (TR. 27.)  Defendant stated she did communicate with Mr. Schense after this conversation. (TR. 31.)  She testified that she does not believe she asked anyone else to communicate with Mr. Schense about filing an appeal.  (TR. 28.)  Defendant testified she did not call to find out whether an appeal had been filed.  (TR. 33.)

Defendant acknowledged that she prepared a reply to the government's response to Defendant's § 2255 motion, which was filed with the Clerk of Court on July 20, 2023.  (TR. 23; Filing No. 101.)  Defendant testified she prepared the document with the assistance of a paralegal. (TR. 23.)  Defendant stated that she directed the paralegal what to put in the document factually, and the paralegal typed it at Defendant's direction.  (TR. 23.)  Defendant testified that she recalled telling the paralegal to state in the reply that Defendant requested that an appeal be filed on the

4

day she was sentenced, which was April 20, 2023. (TR. 23.) When asked to clarify why that date was inconsistent with her testimony that she first directed Mr. Schense to appeal on April 24, 2023, Defendant conveyed that her understanding of the earlier question was it was asking about when she had a telephone call with Mr. Schense about an appeal. (TR. 23-24.) Defendant then stated she asked for an appeal as she was being taken away following sentencing. (TR. 23-24.) Then, when asked again whether she recalled putting in the reply that she directed an appeal be filed on the day she was sentenced, Defendant said she did not. (TR. 24-25.) When asked again when she first directed Mr. Schense to file an appeal, she testified it was April 24th. (TR. 24.) Defendant admitted the statement in her reply that she requested that an appeal be filed directly after being sentenced was untrue or inaccurate, and that the wording was not correct in the reply. (TR. 24.)

Defendant's July 20, 2023 reply offered in connection with her § 2255 motion also states, "She believed that her defense counsel had filed the appropriate notices of appeal until she called the clerk of court and found out that there was no appeal filed." (Filing No. 101.) Defendant testified she does not recall stating this in the Court filing. (TR. 33.) Defendant testified this statement included in the reply is not true. (TR. 33.) Defendant explained that someone else helped her write her documents because she does not know legal jargon. (TR. 36.) Defendant acknowledged that her § 2255 motion states she directed Mr. Schense to file an appeal ten times, but that she did not ask him to appeal ten times. (TR. 34.) Defendant clarified that she told him to appeal twice. (TR. 34.)

Mr. Schense also testified at the evidentiary hearing pertaining to the instant § 2255 motion. Mr. Schense is an attorney licensed in Nebraska, and all state and federal courts. (TR. 37.) Mr. Schense testified he has been an attorney for forty-one years. (TR. 38.) Mr. Schense testified he graduated from the University of Nebraska College of Law in 1982, and then went on to service as an Airforce judge advocate general for five years. (TR. 38.) After that, he accepted a felony prosecutor's position with the Lancaster County Attorney's Office, and later took a position with the Douglas County Attorney. (TR. 38.) Mr. Schense eventually became a solo practitioner and has been so for approximately twenty-five years. (TR. 39.)

Mr. Schense stated that as a private practitioner, he has represented over a hundred federal criminal defense clients. (TR. 39.) He testified that he has handled around 140 to 150 federal trials. (TR. 39.) He further stated that he has argued before the Eighth Circuit Court of Appeals

5

over twenty times, and that he has had seven appeals this year in federal and/or state court, and that five of those appeals remained pending. (TR. 39-40.) He testified that in those appeals, he represented the defendants in the underlying state/federal proceeding, and that after the state/federal proceeding was over, the defendants instructed him to file an appeal. (TR. 40.)

Mr. Schense testified that he was first appointed by the Court to represent Defendant in August 2021. (TR. 40-41.) Mr. Schense testified that before accepting the appointment as Defendant's counsel, he represented quite a few defendants in federal and state court who faced similar charges as those facing Defendant. (TR. 42.) Mr. Schense testified that he believed he had a good working relationship with Defendant. (TR. 43.) Mr. Schense stated that every time Defendant contacted him, he responded to her. (TR. 44.) Mr. Schense stated that he provided Defendant numerous ways to communicate with him, including text. (TR. 44-45.) Mr. Schense testified that Defendant never asked him to withdraw as her counsel and that she did not threaten to fire him. (TR. 44-45.) Mr. Schense testified that he did not request to withdraw as her counsel and never felt he was unable to provide her with adequate representation. (TR. 45.) Mr. Schense testified that he believed they were on the same page the entire time in terms of goals and the direction of the case. (TR. 45.) Mr. Schense testified that most of the time through her case, Defendant was out of custody, and that he had multiple meetings with Defendant to discuss her case. (TR. 46.) Mr. Schense testified that they discussed the evidence the government had against Defendant, as well as her options. (TR. 46.)

Mr. Schense testified that at some point during his representation, Defendant decided to plead guilty. (TR. 46.) Mr. Schense testified that before Defendant signed the plea agreement, he reviewed and discussed the terms with Defendant numerous times. (TR. 47.) Mr. Schense testified he met with Defendant at the Douglas County Courthouse on December 7, 2022, and again on December 14, 2022, at his office. (TR. 48.) Mr. Schense testified that he went to Plaintiff's place of work on December 21, 2022, where they reviewed and completed the plea paperwork. (TR. 48.) Mr. Schense testified that when he reviewed the plea agreement with Defendant, he went through it page by page, paragraph by paragraph, to ensure Defendant had a full appreciation of the terms and conditions outlined in the agreement. (TR. 48-49.) Mr. Schense testified that Defendant did not indicate at the time she signed the agreement that she had concerns or questions about the meaning and effect of the agreement. (TR. 49.) Mr. Schense testified that if Defendant

6

had raised concerns, he would have addressed them.  (TR. 49.)  Mr. Schense stated that Defendant never raised any questions or concerns about the waiver of appeal provision in the plea agreement. (TR. 50.)

Mr. Schense testified that Defendant did not direct him to file an appeal after her sentencing.  (TR. 51.)  Mr. Schense testified he had a phone call with Defendant on April 24, 2023, and that they discussed the motions Mr. Schense had filed, the Court's rulings, her criminal history, as well as the appeal waiver in the plea agreement.  (TR. 51-53.)  Mr. Schense testified that he advised Defendant during the call that she had waived her right to appeal.  (TR. 54.)  Mr. Schense testified that Defendant did not expressly direct him to file an appeal during the call.  (TR. 53.)  Mr. Schense testified that he would have filed an appeal if he had been instructed to do so.  (TR. 54.)

Mr. Schense testified that he had another phone conversation with Defendant on May 3, 2023.  (TR. 54.)  He stated they discussed her questions about the Bureau of Prisons, about classification, the recommendation for an institution as close to Omaha as possible, the drug treatment program, and getting a copy of the presentence report.  (TR. 55.)  Mr. Schense stated there was general conversation about the plea agreement and her appeal waiver.  (TR. 56.)  Mr. Schense testified that he reminded Defendant that she had agreed that she would waive any appeal as to the conviction and sentence.  (TR. 56.) He stated he did not have any problem discussing the advantages and disadvantages of an appeal with Defendant, but that he tries to be realistic and honest with his clients, so he does not give them false hope.  (TR. 56.)  Mr. Schense testified that Defendant did not expressly tell him to file an appeal during the phone call, but that he would have done so if he had been so instructed.  (TR. 56-57.)  Mr. Schense testified that following the May 3rd telephone call, he did not receive additional communications from Defendant regarding the status of an appeal or her case.  (TR. 57.)

## DISCUSSION

Defendant claims Mr. Schense did not file a notice of appeal as she instructed.  "[A]n attorney's failure to file a notice of appeal after being instructed to do so by his client constitutes ineffective assistance entitling petitioner to section 2255 relief, no inquiry into prejudice or likely success on appeal being necessary." *Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000).

"Even if the client waived his right to appeal as part of a plea agreement, prejudice is presumed if the client asked his attorney to file a notice of appeal and the attorney did not do so." *United States v. Sellner*, 773 F.3d 927, 930 (8th Cir. 2014).

However, a defendant wishing to appeal "must have made manifest [his] desire to appeal by expressly instructing [his] attorney to appeal." *Nupdal v. United States*, 666 F.3d 1074, 1076 (8th Cir. 2012). "A bare assertion by the petitioner that he made a request is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary proposition." *United States v. Luke*, 686 F.3d 600, 606 (8th Cir. 2012) (quotation omitted). "A defendant faces a heavy burden to establish ineffective assistance of counsel pursuant to section 2255." *Deroo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000) (quotation omitted).

Based on the evidence and testimony presented at the hearing on the § 2255 motion, the undersigned finds Defendant's contention that she instructed Mr. Schense to file a notice of appeal entirely not credible. There are multiple inconsistencies between the record in this case and Defendant's own hearing testimony regarding when Defendant instructed Mr. Schense to appeal. Defendant's reply to the government's opposition to the § 2255 motion indicates Defendant told Mr. Schense to appeal immediately after sentencing—which was on April 20, 2023. Defendant testified she recalled telling this to the paralegal. However, when confronted with her earlier testimony that she first told Mr. Schense to file an appeal during their telephone call on April 24th, Defendant testified the statement in the reply about when she first instructed Mr. Schense to appeal was inaccurate. Defendant tried to blame the inaccuracy on the paralegal, though Defendant had previously testified she provided the paralegal the facts to include in the reply.

When asked to clarify the timing of her instruction to appeal, Defendant testified that the first time she instructed Mr. Schense to appeal was on April 24th, but then testified that she said something about filing an appeal as she was being taken out of the courtroom following sentencing. Defendant testified she told Mr. Schense during their phone conversation on May 3rd that she was going to find an attorney to help her appeal since he was refusing to do so, but stated in her reply that she first learned an appeal had not been filed when she contacted the clerk of court. Defendant's assertion that she told Mr. Schense that she was going to find another attorney to file an appeal contradicts the statement in her reply that she learned Mr. Schense had not filed an appeal

when she contacted the clerk of court.  Defendant admitted that her statement in her reply that she contacted the clerk of court and learned an appeal had not been filed was untrue.

Further diminishing Defendant's credibility is the fact that Defendant's plea agreement contained a provision in which Defendant waived her right to appeal.  The undersigned finds Defendant's statements regarding her lack of understanding of the plea agreement entirely unsupported and contradicted by the record. At her change of plea hearing, the undersigned discussed the plea agreement with Defendant in detail and Defendant stated she understood the contents of the plea agreement. The undersigned specifically told Defendant that under the plea agreement, she was waiving her right to appeal.  Defendant stated she understood she was giving up that right. The undersigned also asked Defendant if she read the plea agreement before she signed it and if she understood it. Defendant responded "yes" to both questions.  Defendant testified Mr. Schense read the plea agreement to her before she signed it and that he answered her questions to her satisfaction. Additionally, the undersigned asked Defendant if she had any questions concerning her plea of guilty, to which Defendant responded "no." The undersigned asked Defendant whether she was satisfied with Mr. Schense's representation, to which she responded "absolutely." The undersigned further asked Defendant if she had any complaints or objections concerning the manner Mr. Schense represented her, to which Defendant responded "no."  Defendant never expressed during her plea that she did not understand what was contained in the plea agreement or that she was unhappy with her attorney's representation.

Other than her own self-serving statements, Defendant has not offered any evidence that she instructed Mr. Schense to file an appeal.  Defendant testified that she spoke with her daughter about Mr. Schense's statements regarding an appeal, but Defendant's daughter did not appear at the evidentiary hearing to offer testimony.  Defendant's bare assertion that she instructed Mr. Schense to an appeal is wholly insufficient, especially given Mr. Schense's credible testimony to the contrary.  Mr. Schense has been an attorney for forty-one years and has vast experience representing criminal defendants in state and federal court.  Mr. Schense also has significant experience with appellate matters.  The undersigned is convinced that if Defendant had expressly directed Mr. Schense to file an appeal, he would have done so.  The undersigned concludes Defendant's assertion that she instructed Mr. Schense to appeal is not credible and that Defendant

did not instruct Mr. Schense to appeal.  Because that is the only remaining issue in Defendant's §2255 motion, the undersigned will recommend that Defendant's § 2255 motion be denied.

Accordingly,

**IT IS HEREBY RECOMMENDED** to United States District Court Judge Brian Buescher that Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence be denied.

Dated this 2nd day of November, 2023.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge

**ADMONITION**

Pursuant to NECrimR 59.2, any objection to this Findings and Recommendation shall be filed within fourteen (14) days after being served with a copy of this Findings and Recommendation. Failure to timely object may constitute a waiver of any such objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.