IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>TRACY INMAMN,<br><br>      Defendant. | 8:21-CR-60<br><br>ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION |

  This matter is before the Court on United States Magistrate Judge Susan M. Bazis's Findings and Recommendation as to Tracy Inman's Motion to Vacate, Set Aside, or Correct her Sentence. Filing 124. Judge Bazis recommends that Inman's Motion be denied. Filing 124 at 10. The Court agrees with Judge Bazis's well-reasoned analysis, adopts her Findings and Recommendation in full, and denies Inman's Motion.

  On April 20, 2023, the Court sentenced Tracy Inman to 150 months imprisonment to be followed by a five-year term of supervised release after she pleaded guilty to one count of possessing with the intent to distribute 50 grams or more of methamphetamine (actual). Filing 90 at 1–3. Inman pleaded guilty to this offense pursuant to a plea agreement, which the Court accepted at her sentencing hearing. Filing 75; Filing 107 at 2. Inman's plea agreement included an appeal-waiver provision. Filing 75 at 5–6. She was expressly advised of this appeal-waiver provision by a magistrate judge at her change of plea hearing, and Inman acknowledged her understanding of this provision at that time. Filing 76 at 12. Inman was also advised at her sentencing hearing that she had limited her right to appeal in her plea agreement and that if she had "any questions about that limitation or about any remaining right of appeal, [she] should discuss that matter with [her] attorney." Filing 107 at 22.

1

On June 8, 2023, less than two months after she was sentenced, Inman filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Filing 94. The Court denied three of the four bases for relief that Inman raised in this Motion. Filing 95 at 1. However, the Court directed the Government to respond to Inman's claim that her attorney failed to file an appeal at her request. Filing 95 at 1. In its response, the Government opposed Inman's Motion but said that an evidentiary hearing was required in order for the Court to make credibility determinations. Filing 96; Filing 97. The Court agreed and referred the matter to United States Magistrate Judge Susan M. Bazis. Filing 97 at 1. Judge Bazis appointed counsel to represent Inman, and an evidentiary hearing was held on September 12, 2023. Filing 98, Filing 122.

Judge Bazis completed her Findings and Recommendation on November 2, 2023. Filing 124 at 10. She concluded that after hearing from Inman and the attorney who represented her at sentencing and assessing their credibility, Inman did not direct her attorney to file an appeal. Filing 124 at 1. Specifically, Judge Bazis found Inman's "contention that she instructed [her attorney] to file a notice of appeal entirely not credible." Filing 124 at 8. Judge Bazis therefore recommended that Inman's Motion be denied. Filing 124 at 1. On November 16, 2023—14 days after Judge Bazis submitted her Findings and Recommendation—Inman's new attorney filed a one-page document captioned "Receipt of Magistrate's Findings and Recommendations." Filing 125 at 1. It states:

> Defendant acknowledges receipt of the Magistrate's ADMONITION that the "[f]ailure to timely object may constitute a waiver of any such objection." Defendant has conferred with counsel and does not wish to waive any argument she might present in the future nor to file an Objections. This matter is deemed submitted and ripe for adjudication.

Filing 125 at 1.

The Government submitted a response on November 17, 2023, asking that this Court adopt Judge Bazis's Findings and Recommendation. Filing 126.

Because Inman has not objected to any portion of Magistrate Judge Bazis's Findings and Recommendation, the Court will review the matter for clear error. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (explaining that in situations where no objections are filed and the filing period has expired, a district court judge "would only have to review the findings of the magistrate judge for clear error").[1] Indeed, the Eighth Circuit has said "that the failure to file objections eliminates not only the need for de novo review, but *any* review by the district court." *Leonard v. Dorsey & Whitney LLP*, 553 F.3d 609, 619–20 (8th Cir. 2009) (emphasis in original); *see also United States v. Brinton*, No. 4:22-CR-3013, 2022 WL 17852663, at *1 (D. Neb. Dec. 22, 2022) (citing *Leonard* for the proposition that "the failure to file an objections eliminates not only the need for de novo review, but any review by the Court"). Nevertheless, the Court finds it appropriate to review the record in this case before deciding whether to adopt the Findings and Recommendation.

The Court has reviewed the relevant portions of the record, including Judge Bazis's Findings and Recommendation (Filing 124), Inman's Motion to Vacate, Set Aside or Correct Sentence (Filing 94), the Government's Response to Inman's Motion (Filing 96), Inman's Reply Brief (Filing 101), the transcript of the evidentiary hearing that was held on September 12, 2023 (Filing 122), and the exhibits that were received during that hearing (Filing 119). The Court's review of the record leads it to conclude that no portion of Judge Bazis's Findings and

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(B) a district court judge may designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations on applications for posttrial relief made by individuals convicted of criminal offenses. Section 636(b)(1) provides that "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provides by rules of court." 28 U.S.C. § 636(b)(1). In such situations, "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations who which objections is made." *Id.*; *see also Gonzales-Perez v. Harper*, 241 F.3d 633, 636 (8th Cir. 2001) ("When a party timely objects to a magistrate judge's report and recommendation, the district court is required to make a de novo review of the record related to the objections . . .").

Recommendation is the product of clear error. To the contrary, her Findings and Recommendation is well-reasoned and fully supported by the record. The Court therefore adopts it in full. Accordingly,

IT IS ORDERED:

1. United States Magistrate Judge Susan M. Bazis's Findings and Recommendation, Filing 124, is adopted in full; and

2. Inman's Motion under 28 U.SC. § 2255 to Vacate, Set Aside, or Correct Sentence, Filing 94, is denied.

Dated this 20th day of November, 2023.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge