IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:21–CR–60 |
| vs. | ORDER DENYING MOTION FOR COMPASSIONATE RELEASE |
| TRACY INMAN, | |
| Defendant. | |

This matter is before the Court on Tracy Inman's *pro se* Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). Filing 131. Inman contends there are extraordinary and compelling reasons justifying compassionate release based upon her claimed serious health conditions. Filing 131 at 1. For the reasons explained below, the Court will deny Inman's Motion.

## I. BACKGROUND

On April 20, 2023, the Court sentenced Inman to a mid-guidelines sentence of 150 months imprisonment to be followed by a five-year term of supervised release after she pleaded guilty to one count of possessing with the intent to distribute 50 grams or more of methamphetamine (actual). Filing 90 at 1–3; *see also* Filing 107 at 7 (noting that her guideline custody range was 130 to 162 months). Inman pleaded guilty to this offense pursuant to a plea agreement, which the Court accepted at her sentencing hearing. Filing 75; Filing 107 at 2. Inman did not file a direct appeal to the United States Court of Appeals for the Eighth Circuit; however, she did file a Motion pursuant to 28 U.S.C. § 2255 less than two months after she was sentenced. Filing 94. The allegations Inman raised in that Motion were later rejected by this Court. *See* Filing 95; Filing 124; Filing 127.

Four months after Inman's § 2255 Motion was conclusively denied, she filed the present Motion for Compassionate Release. Filing 131. She cites an alleged lack of timely and adequate medical care in support of her Motion, and claims that she is "suffering from a serious physical or

1

medical condition that substantiality diminishes [her] ability . . . to provide self-care within the environment of a correctional facility and from which . . . she is not expected to recover." Filing 131 at 1. Inman further claims that she "is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which [she] is at risk of serious deterioration in health or death." Filing 131 at 1.

Although her Motion does not specify exactly what condition or conditions she claims to have, Inman did include prior correspondence with other officials as attachments to her Motion. Filing 131-1 at 2–6. In this correspondence, Inman claims to be suffering from "an arachnoid cyst between [her] brain stem and [her] spial cord." Filing 131-1 at 5. When Inman raised this matter administratively, however, her Acting Warden responded that "medical staff have determined [Inman's] current condition is stable and [her] medical concerns are being monitored or treated." Filing 131-1 at 6. The Acting Warden went on to note that Inman, "participate[s] in daily activities at Federal Prison Camp Pekin and [she] is able to complete all of [her] daily activities without assistance from others." Filing 131-1 at 6. Accordingly, Inman's Acting Warden denied her request for compassionate release when it was presented to her. Filing 131-1 at 6.[1]

## II. APPLICABLE STANDARDS

In Section 603 of the First Step Act, Congress amended 18 U.S.C. § 3582(c)(1)(A) to empower courts to reduce a prisoner's term of imprisonment upon a prisoner's motion. *See* 18 U.S.C. § 3582(c)(1). Under the plain terms of the statute, prisoners may bring motions for compassionate release on their own after exhausting their administrative remedies. "Exhaustion occurs at the earlier of either (1) when the prisoner has 'fully exhausted all administrative rights

---

[1] When Inman originally requested compassionate release through administrative channels, she also sought this relief based on the need to care for a family member. *See* Filing 131-1 at 5–6. However, in her Motion before this Court, Inman has limited her argument in favor of compassionate release strictly to her own medical conditions. *See* Filing 131 at 1 (citing U.S.S.G. § 1B1.13(b)(1)).

2

to appeal a failure of the Bureau of Prisons to bring a motion' on his behalf or (2) 'the lapse of 30 days from the receipt of such a request by the warden of the [prisoner's] facility.'" *United States v. Houck*, 2 F.4th 1082, 1083–84 (8th Cir. 2021) (alteration in original) (citing 18 U.S.C. § 3582(c)(1)(A)). Pursuant to this statute,

> [T]he court . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

It is the prisoner's burden to establish an entitlement to compassionate release. *See United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022). "[T]he district court is not required to investigate possible avenues for relief or to develop the record in support of a [compassionate-release] motion." *Id.* Nor must a district court "make a specific rejoinder to every circumstance cited in support of a reduction." *United States v. Loggins*, 966 F.3d 891, 893 (8th Cir. 2020). Furthermore, because district courts have "broad discretion" when considering whether the 18 U.S.C. § 3553(a) sentencing factors warrant compassionate release, a district court does not abuse its discretion simply because "other district courts may have granted compassionate release for defendants with similar backgrounds." *United States v. Marcussen*, 15 F.4th 855, 859 (8th Cir. 2021). Finally, the Eighth Circuit Court of Appeals has cautioned that "[t]he compassionate release statute is not a freewheeling opportunity for resentencing based on prospective changes in sentencing policy or philosophy." *United States v. Crandall*, 25 F.4th 582, 586 (8th Cir. 2022).

### III. DISCUSSION

Having reviewed the record in this case and after considering the arguments and materials Inman has submitted in this matter as well as the factors set forth in 18 U.S.C. § 3553(a), the Court concludes that Inman has not met her burden to show she is entitled to relief under § 3582(c)(1)(A). *See Avalos Banderas*, 39 F.4th at 1062 ("the inmate bears the burden to establish that compassionate release is warranted").

First, the Court concludes that Inman has not demonstrated extraordinary and compelling medical circumstances that might make her eligible for the relief she seeks under 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13(b)(1). Again, her Motion does not even articulate a medical condition she claims to suffer from. Assuming however that the medical condition at issue relates to the cyst she references in her attachments to the Motion, the Court still concludes that Inman has not met her burden of satisfying the requirements set forth in either U.S.S.G. §§ 1B1.13(b)(1)(B)(i) or (b)(1)(C). When Inman's administrative request for compassionate release was denied, the Acting Warden noted that medical staff had determined Inman's condition was stable and her concerns were being treated or monitored. Filing 131-1 at 6. The Acting Warden further noted that Inman participates in daily activities in prison and does so without assistance from others. Filing 131-1 at 6. Inman neither rebuts nor refutes this in her Motion. *See generally* Filing 131. Therefore, Inman has not demonstrated that she is suffering from a "serious physical or medical condition . . . that substantially diminishes [her] ability to provide self-care within the environment of a correctional facility and from which . . . she is not expected to recover." U.S.S.G. § 1B1.13(b)(1)(B)(i). Nor has she shown that she "is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which . . . [she] is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1)(C).

4

Second, even if the Court were to assume solely for the sake of argument that Inman was suffering from a medical condition that constituted extraordinary and compelling circumstances making her eligible for compassionate release, the Court would still deny her Motion because collective consideration of the factors set forth in 18 U.S.C. § 3553(a) do not support it. *See United States v. Rodd*, 966 F.3d 740, 747-48 (8th Cir. 2020) (upholding the denial of compassionate release where the district court assumed that the defendant had presented extraordinary and compelling reasons, but then denied the defendant's motion because the § 3553(a) factors weighed against granting release). These factors include, the "nature and circumstances of the offense," "history and characteristics of the defendant," "need to avoid unwarranted sentence disparities among defendant with similar records who have been found guilty of similar conduct," and the need for the sentence imposed to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," "afford adequate deterrence," and "protect the public." 18 U.S.C. § 3553(a)(1), (2)(A)–(C), (6).

As discussed at her sentencing hearing, Inman has a lengthy criminal history. *See* Filing 107 at 19. In particular, Inman has a significant number of prior drug-related convictions spanning nearly two decades. *See* Filing 92 at 10–15 (noting Inman's adult convictions involving the possession or attempted possession of controlled substances in 2000, 2004, 2013, 2016, 2017, and 2019). Inman's offense of conviction—possession with intent to distribute 50 grams or more of methamphetamine (actual)—reflected an escalation in the seriousness of her involvement with illicit substances. Given her specific history and characteristics, which includes her decades-long illegal involvement with controlled substances, compassionate release is not appropriate. Nor would it properly account for the seriousness of the offense, ensure just punishment for the conduct at issue, or properly deter Inman and others from engaging in such behavior. Moreover, Inman has

only served a very small fraction of her 150-month sentence thus far, which further counsels against granting compassionate release. *See United States v. Cruz,* No. 20-50008-03-JLV, 2023 WL 2214511, at *5 (D.S.D. Feb. 24, 2023) (reasoning that the defendant's sentence at the bottom of his guideline custody range and the fact he had only served a small portion of his sentence counseled against granting relief pursuant to 18 U.S.C. § 3582(c)(1)(A)). The Court would therefore deny her Motion even if she had demonstrated extraordinary and compelling circumstances making her eligible for such relief.

## IV. CONCLUSION

For the forgoing reasons, the Court concludes that Inman has not met her burden of demonstrating that compassionate release is warranted, and the Court's independent consideration of the § 3553(a) factors do not support it either. Accordingly,

IT IS ORDERED: Inman's Motion for Compassionate Release, Filing 131, is denied.

Dated this 30th day of April, 2024.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge

6